Malice aforethought is express or implied, and it may be implied from the circumstance of the defendant's striking with such an instrument as is likely to produce great bodily harm to the person stricken, and from its being done without sufficient provocation. Also, the intention to maim or disfigure may be implied from the circumstances; and it is by no means necessary to prove antecedent grudges or threatenings, or an express design.
In this case, upon the trial, the Attorney-General called upon a witness to swear to a confession made before him by the defendant when he came before him to be examined; and Mr. Moore, of counsel for the defendant, insisted that such confession could not be given in evidence. He said a confession before a private individual may be given in evidence, but when it is made before a justice of the peace, as in the present case, it is his duty, whether it be for felony or a misdemeanor, to take the examination in writing; and that this is intended as well for the benefit of the prisoner as the State, to the end that his confession, being reduced to writing, when it is made by an officer entrusted by the public in whom *Page 86 
confidence is reposed, may not afterwards be liable to misrepresentation in the giving parol testimony of it; and he cited Leach, the last case, and the case of the King v. Jacobs in the same book.
E contra, it was insisted for the State that the practice both here and in England a long time previous to these cited cases hath been not to admit parol testimony where the examinations of the prisoner were reduced into writing; for then, according to the rule of evidence in all cases, that would not be the best testimony the party had it in his power to produce; and it was an absurdity to say, as the cases cited did, that a confession made in the presence of an individual not engaged by duty to be attentive might be given in evidence, and yet the same confession made before a justice, whose business it was to examine carefully, shall not.